UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

GARY VERN MARQUARDT,

      Debtor.

_____/

GARY VERN MARQUARDT,

      Plaintiff,

v.

SUN TRUST BANK,

      Defendant.

_____/

Case No. DM 22-90058-swd
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 22-99006

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

The court has reviewed plaintiff Gary Vern Marquardt's Motion to Enter *Ex Parte* Order

Extending Time for Service of Summons (the "Motion," ECF No. 8). The Motion is premised on

the court's suggestion, made in open court on December 9, 2022, that the Defendant may be

entitled to special service if service is by mail and the Defendant qualifies as an insured depository

institution within the meaning of 11 U.S.C. § 101(35) and Fed. R. Bankr. P. 7004(h).[1]

---

[1] When considering appropriate service on an entity whose name suggests it may be entitled to special service under Rule 7004(h)), the court typically consults the website of the Federal Deposit Insurance Corporation ("FDIC") to determine whether the entity is an insured depository institution. *See* https://www.fdic.gov/. It appears from the "BankFind Suite" portion of the FDIC website that Sun Trust Bank may now be known as "Truist Bank," an insured depository institution. The court makes no finding in this regard, and leaves to the Plaintiff or his counsel the task of properly naming the Defendant.

The Motion reports that Plaintiff's counsel is attempting to re-serve the Defendant and "Plaintiff is fearful that, with the holidays, certified mail will be delayed and/or personal service will be delayed due to staffing time off."  Motion at ¶ 6.  Accordingly, the Plaintiff requests an extension of time to effect service of the summons and complaint.  In an adversary proceeding, the 90-day period of Fed. R. Civ. P. 4(m) for effecting service applies by virtue of Fed. R. Bankr. P. 7004(a)(1).  Rule 4(m) gives the court discretion to extend the time for completing service.

The court finds cause to enlarge the deadline as the Motion requests.  In reaching this decision, the court notes Plaintiff's diligence, and also that there is no limitation period for filing a complaint under 11 U.S.C. § 523(a)(8).  *See* Fed. R. Bankr. P. 4007(b).

Plaintiff's counsel, however, should consult the bankruptcy-specific rule requiring an adversary proceeding plaintiff to serve a summons within 7 days after its issuance.  *See* Fed. R. Bankr. P. 7004(e).  Therefore, if Plaintiff intends to re-serve the summons and complaint in this matter, he should make arrangements for the Clerk to issue a fresh summons to serve on the Defendant.  *Id*.  (Clerk may re-issue summons if original not timely delivered or mailed).

Finally, because it appears from the Motion that the Clerk entered the default prematurely, there is cause to set it aside under Fed. R. Civ. P. 55(c), which applies here by virtue of Fed. R. Bankr. P. 7055.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED as provided herein and service of the summons and complaint in this matter shall be timely if effected by February 28, 2023.

IT IS FURTHER ORDERED that the entry of default is SET ASIDE and the Clerk shall make an appropriate notation to this effect on the docket.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon David E. Bulson, Esq.

END OF ORDER

**IT IS SO ORDERED.**

**Dated December 22, 2022**

Scott W. Dales
United States Bankruptcy Judge